## Simeon P. Shope et al., Copartners, trading as Shope, Zane, Busby & Weber, Appellees, v. Henry D. Laughlin, Appellant.

### Gen. No. 19,637.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the April term, 1913. Affirmed. Opinion filed December 31, 1914.

### Statement of the Case.

Action by Simeon P. Shope, John M. Zane, Leonard A. Busby and Harry P. Weber, copartners, trading as Shope, Zane, Busby & Weber, against Henry D. Laughlin for services rendered to defendant by plaintiffs as attorneys and for money advanced, and also for services rendered and money advanced by a firm to whose business the plaintiffs succeeded. A trial was had before the court and a jury and a verdict was returned in favor of plaintiff for five thousand dollars. To reverse the judgment, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Loomis C. Johnson and Randolph Laughlin, for appellant.

John M. Zane and Harry P. Weber, for appellees.

Mr. Justice Pam delivered the opinion of the court.

## Abstract of the Decision.

1. Attorney and client, § 135*—*when findings in suit for compensation sustained by the evidence.* In a suit by law firm for services rendered to defendant, where the defendant claimed that he was not personally liable for the reason that the services were rendered for corporations in which he was interested, that he was coerced into signing certain notes in payment because of his dependency upon plaintiff's firm in the various matters of litigation, and that certain payments made by him were misapplied, *held* that under the evidence in the record such questions were for the jury, and that the findings of the jury in favor of plaintiffs was sustained by the preponderance of the evidence.

2. Attorney and client, § 134*—*admissibility of assignment of claim for legal services.* In an action by the assignee of a claim for attorneys' fees, where one of the counts of the declaration set forth the assignment, and during the trial an additional count was filed, *held* that the assignment could properly be introduced in evidence under the original declaration and that it was unnecessary to file the additional count.

3. Attorney and client, § 134*—*admissibility of assignment of claim for legal services.* In an action by a law firm for services rendered, where a part of the claim was for services rendered by a firm to whose business the plaintiffs' firm succeeded, and such part of the claim was sued for by plaintiff as assignee, *held* that a copy of the assignment was properly admitted in evidence as against the contention of defendant that it was not admissible, for the reason that the assignment did not cover the accounts for services sued for which were rendered to corporations in which defendant was interested, and that no foundation was laid for the introduction of a copy of the last assignment.

4. Trial, § 271*—*when refusal to submit special interrogatories not improper.* Refusal of court to submit to the jury numerous special findings, *held* not error where the findings involved mere evidentiary facts and the giving of them would practically have subjected the jury to cross-examination as to the reasons for arriving at their conclusions.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Colonial Sugar Co. v. Railway T. & W. Co., 191 Ill. App. 40.

5. INSTRUCTIONS, § 143*—*when requested instructions properly refused.* The refusal of two certain requested instructions *held* proper, where one of them contained the words "under the other instructions of the court," and could be controlling only upon the facts when specially limited to the other instruction or if the two instructions were given as one instruction, and the other instruction if standing by itself would tender an immaterial issue.

6. INSTRUCTIONS, § 140*—*when requested instructions may be properly refused.* A requested instruction *held* not improperly refused, where it was cautionary in its nature and moreover bad in form and covered by another instruction given.

7. APPEAL AND ERROR, § 1541*—*when giving of instruction not prejudicial.* The fact that an instruction given on behalf of plaintiffs referred to facts not denied by defendant, *held* not prejudicial under the facts of the case on the ground that it directed the jury's attention to particular evidence.

8. INSTRUCTIONS, § 137*—*when properly refused.* A requested instruction may be properly refused where there is no evidence in the record upon which to base it.

9. ATTORNEY AND CLIENT, § 135*—*when finding as to amount of compensation sustained by the evidence.* The amount of a verdict for the services of a firm of attorneys, *held* not excessive because the defendant was not credited with a certain sum paid by a note, where it was a controverted question of fact whether or not a reduction had been made, and it was admitted by defendant that there was a conflict on that issue.